```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

MARY DAVIS,                                 )
                                            )
            Plaintiff,                      )
                                            )
            v.                              )   Civil No. 2012-29
                                            )
SUNRISE MEDICAL (US), LLC, and CRSM,        )
INC., d/b/a THE MEDICINE SHOPPE             )
PHARMACY,                                   )
                                            )
            Defendants.                     )
                                            )
CRSM, INC., d/b/a THE MEDICINE SHOPPE       )
PHARMACY,                                   )
                                            )
            Cross-claimant,                 )
                                            )
            v.                              )
                                            )
SUNRISE MEDICAL (US), LLC,                  )
                                            )
            Cross-claim defendant,          )
                                            )
            and                             )
                                            )
REBECCA MUSARRA and DR. MARK DAVIS-         )
LORTON,                                     )
                                            )
            Third-party defendants.         )
                                            )
```

**ATTORNEYS:**

**Joel H. Holt, Esq.**
Law Offices of Joel Holt
St. Croix, VI
     *For the plaintiff,*

**James L. Hymes, III, Esq.**
Law Office of James Hymes II
St. Thomas, VI
**William J. Judge, Esq.**
Hill, Ward and Henderson, P.A.
Tampa, FL
   *For the defendant Sunrise Medical (US), LLC,*
**Ryan C. Meade, Esq.**
Quintairo, Prieto, Woo & Boyer, P.A.
Miami, FL
   *For the defendant/cross-claimant CRSM, Inc., d/b/a The*
   *Medicine Shoppe Pharmacy,*

**Daryl C. Barnes, Esq.**
**Sunshine Benoit, Esq.**
Bryant, Barnes, & Blair
St. Croix, VI
   *For the third-party defendant Rebecca Musarra*

**Ryan W. Greene, Esq.**
Law Offices of Ryan W. Green
   *For the third-party defendant Dr. Mark Davis-Lorton*

## ORDER

**GÓMEZ, C.J.**

Before the Court is the motion of the third-party defendant Dr. Mark Davis-Lorton for summary judgment and dismissal with respect to the third-party complaint filed against him.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On April 2, 2012, the plaintiff, Mary Davis ("Davis") fell out of a wheelchair while being carried down a flight of stairs by the third-party defendants Rebecca Musarra ("Musarra") and Dr. Mark Davis-Lorton ("Davis-Lorton"). Musarra rented the wheelchair in question from the defendant/third-party plaintiff

CRSM, Inc., doing business as the Medicine Shoppe Pharmacy (the "Medicine Shoppe").

Davis initiated this action on May 3, 2012. She claimed that the wheelchair was defective, and that her accident was caused by its defectiveness.

On November 2, 2012, the Medicine Shoppe filed a third-party complaint (the "Third-Party Complaint"), naming Musarra and Davis-Lorton as third-party defendants. The Third-Party Complaint asserts three counts. Count One asserts a claim of breach of contract against Musarra only. Count Two asserts a claim for indemnification against Musarra and Davis-Lorton. Count Three asserts a claim for contribution against Musarra and Davis-Lorton.

Davis-Lorton now moves for summary judgment with respect to the contribution claim on the ground that he has completely discharged his liability to Davis via settlement. Davis-Lorton also moves to dismiss the indemnity claim on the ground that it fails to state a claim for which relief may be granted. The Medicine Shoppe opposes the motion.

## II.  DISCUSSION

### A.  Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a); *see also Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, the Court draws all reasonable inferences in favor of the opposing party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

B.  <u>Failure to State a Claim</u>

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In*

*re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires "only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation and internal quotation marks omitted).

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A

complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts " 'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps[1]:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

---

[1] *Iqbal* describes the process as a "two-pronged approach" but the Supreme Court took note of the elements a plaintiff must plead to state a claim before proceeding to its two-step approach. Accordingly, the Third Circuit has deemed the process a three step approach. *See Santiago*, 629 F.3d at 130.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679); *see also Great W. Mining & Min. Co. v. Rothschild LLP*, 615 F.3d 159, 177 (3d Cir. 2010.).

### III. ANALYSIS

#### A. Summary Judgment: Contribution Claim

Davis-Lorton contends that he cannot be held liable to the Medicine Shoppe on a contribution theory because Davis has settled all her claims against him.

In the Virgin Islands, claims for contribution are governed by the Restatement (Third) of Torts. *See Whitecap Inv. Corp. v. Puntam Lumber & Export Co.*, Civ. No. 2010-139 (CVG), 2013 WL 1155241, at *7 (D.V.I. Mar. 21, 2013) (slip op.); *Vandenhouten v. Olde Towne Tours, LLC*, 52 V.I. 551, 555-56 (D.V.I. 2009) (citing *In re Kelvin Manbodh Asbestos Litig. Series*, 47 V.I. 375, 394 (V.I. Super. Ct. 2006)); *see also* V.I. CODE ANN., tit. 1, § 4.[2] With respect to contribution claims, the Restatement (Third) of Torts: Apportionment of Liability, Section 23 provides, in pertinent part:

> (a) When two or more persons are or may be liable for the same harm and one of them discharges the liability of another by settlement or discharge of judgment, the person discharging the

---

[2] Title 1, Section 4 of the Virgin Islands Code provides, in pertinent part, "[t]he rules of the common law, as expressed in the restatements of the law . . . shall be the rules of decision in the courts of the Virgin Islands . . . in the absence of local laws to the contrary." V.I. CODE ANN., tit. 1, § 4.

>    liability is entitled to recover contribution from the other, *unless the other previously had a valid settlement and release from the plaintiff*.
>
> (b) A person entitled to recover contribution may recover no more than the amount paid to the plaintiff in excess of the person's comparative share of responsibility.

RESTATEMENT (THIRD) OF TORTS: APPORTIONMENT OF LIAB. § 23 (emphasis supplied). The Restatement also defines "settlement" and explains the effect of a settlement on contribution claims:

> (a) A settlement is a legally enforceable agreement in which a claimant agrees not to seek recovery outside the agreement for specific injuries or claims from some or all of the persons who might be liable for those injuries or claims.
>
> (b) Persons released from liability by the terms of a settlement are relieved of further liability to the claimant for the injuries or claims covered by the agreement, but the agreement does not discharge any other person from liability.

*Id.* at § 24.

Comment c to Section 24 defines a settling tortfeasor as "a potentially liable tortfeasor who is released from liability to the plaintiff by the settlement." *Id.* at § 24 cmt. c. The Restatement further provides that

> [w]hen a settlement is reached between the plaintiff and a potentially liable tortfeasor that releases only the settling tortfeasor, the settling tortfeasor

> ordinarily should be dismissed from the lawsuit or, if no suit has been initiated, not joined in any action that is subsequently brought. Dismissal occurs even if contribution claims have been made against or by the settling tortfeasor. *These contribution claims are barred by law.*

*Id.* at § 24 cmt. e (emphasis supplied); *see also id.* at § 23 cmt. i ("A person who settles with the plaintiff before final judgment is not liable for contribution to others for the injury.") In light of these provisions, this Court has previously held that "contribution actions against tortfeasors who settle with a plaintiff are precluded as a matter of law in the Virgin Islands." *Vandenhouten*, 52 V.I. at 557.

In *Vandenhouten v. Olde Towne Tours, LLC*, 52 V.I. 551 (D.V.I. 2009), the plaintiffs sued a taxi driver and a taxi company. During the pendency of the action, the plaintiffs settled with the taxi driver. Thereafter, the taxi company filed a third-party complaint against the taxi driver asserting a claim for contribution. The taxi driver sought dismissal of this claim on the ground that it was barred by the fact that he had settled with the plaintiffs.

To determine whether the contribution claim was barred, the Court looked to the settlement agreement between the plaintiffs and the taxi driver. The Court noted that the agreement "reflects that the [plaintiffs] agreed to release [the taxi driver] from liability arising out of [their] injuries . . . in

exchange for [the taxi driver's] payment of a sum certain." *Id.* at 557. In particular, the Court noted that the taxi driver "paid adequate consideration in exchange for a complete release from liability . . . ." *Id.* at 558. Accordingly, the Court concluded that the taxi driver had a valid settlement agreement with the plaintiffs and had been released from all of the plaintiff's claims. The Court thus held that the taxi company's contribution claim was barred by law. *Id.*

Turning to the settlement agreement in the present case, it reflects the following agreement:

> **MARY DAVIS . . .** for and in consideration of the sum of REDACTED paid by **Dr. Mark Davis-Lorton**, receipt and sufficiency of which having been duly acknowledged, hereby releases and forever discharges and agrees to hold harmless **DR. Mark Davis-Lorton . . .** of and from all, and in all manner of actions, causes of action, suits, claims for personal injury and or [*sic*] property damage claims whether by reason of contract, tort, negligence, or otherwise . . . pertaining to the incident which occurred on April 2, 2012, in St. Thomas, USVI, when Mary Davis was being moved down a stairway in a wheelchair by Dr. Mark Davis-Lorton and Rebecca Musarra.

(Davis-Lorton's Ex. 2.)

Although this agreement appears to release Davis-Lorton from all of Davis's potential claims, the Court cannot at this point determine its validity absent some indication that Davis received meaningful consideration in return for her release. The

construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally. *See, e.g., Vargo v. Mangus*, 94 F. App'x 941, 943 (3d Cir. 2004); *New York State Electric & Gas Corp. v. Federal Energy Regulatory Commission*, 875 F.2d 43, 45 (3d Cir. 1989); *Christian v. All Persons Claiming any Right, Title or Interest in Newfound Bay*, 139 F. Supp. 2d 679, 685 (D.V.I. 2001).

The essential prerequisites for the creation of a valid contract are "a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." *Univ. of the V.I. v. Petersen-Springer*, 232 F. Supp. 2d 462, 469 (D.V.I. App. Div. 2002); RESTATEMENT (SECOND) OF CONTRACTS § 17. "Consideration" requires a performance or a return promise that has been bargained for. RESTATEMENT (SECOND) OF CONTRACTS § 17.

The Court appreciates Davis-Lorton's and Davis's concern that the precise terms of their settlement remain confidential. Indeed, in similar cases, the Court has respected the confidentiality of such agreements by reviewing settlement agreements *in camera*. For example, in *Vandenhouten*, the settlement agreement was filed with the Court under seal. The Court noted that the document filed under seal did "not contain any redacted portions and clearly states the amount of consideration paid." 52 V.I. at 558. The Court in its discussion

nonetheless omitted "the consideration paid . . . to maintain the agreement's confidentiality." *Id.* at 558 n.2.

Here, by contrast, the Court has not been presented with any un-redacted copy of the settlement agreement. Absent some information about the amount of consideration paid, the Court is unable to determine whether Davis and Davis-Lorton executed a valid settlement agreement. The Court thus finds that Davis-Lorton has failed to meet his burden to show there are no genuine disputes of material fact and that he is entitled to judgment as a matter of law.

**B.     Failure to State a Claim: Indemnity Claim**

Davis-Lorton also moves to dismiss the Medicine Shoppe's claim for indemnity against him, on the ground that the Medicine Shoppe has not alleged a claim for which relief may be granted.

As with the tort of contribution, in the Virgin Islands, claims for indemnity are governed by the Restatement (Third) of Torts. *See Whitecap Inv. Corp. v. Puntam Lumber & Export Co.*, Civ. No. 2010-139 (CVG), 2013 WL 1155241, at *5 (D.V.I. Mar. 21, 2013) (slip op.); *Vandenhouten v. Olde Towne Tours, LLC*, 52 V.I. 551, 559 (D.V.I. 2009) (citing *In re Kelvin Manbodh Asbestos Litig. Series*, 47 V.I. 375, 394 (V.I. Super. Ct. 2006)). With respect to claims for indemnity, the Restatement (Third) of Torts provides as follows:

>    (a) When two or more persons are or may be liable for the same harm and one of them discharges the liability of another in whole or in part by settlement or discharge of judgment, the person discharging the liability is entitled to recover indemnity in the amount paid to the plaintiff, plus reasonable legal expenses, if:
>
>    (1) the indemnitor has agreed by contract to indemnify the indemnitee, or
>
>    (2) the indemnitee
>
>    (i) was not liable except vicariously for the tort of the indemnitor, or
>
>    (ii) was not liable except as a seller of a product supplied to the indemnitee by the indemnitor and the indemnitee was not independently culpable.
>
>    (b) A person who is otherwise entitled to recover indemnity pursuant to contract may do so even if the party against whom indemnity is sought would not be liable to the plaintiff.

RESTATEMENT (THIRD) OF TORTS: APPORTIONMENT OF LIAB. § 22.

In the Third-Party Complaint, the Medicine Shoppe alleges

>    6. On March 31, 2012, MUSARRA entered into a contract for the lease of a wheelchair . . . with MEDICINE SHOPPE . . . .
>
>    7. On April 2, 2012, MUSARRA and DR. DAVIS-LORTON attempted to transport DAVIS down a flight of stairs while she was still in the wheelchair. . . . DR. DAVIS-LORTON tripped and fell and pulled DAVIS (who was

> still in the wheelchair) with him down the stairs. DAVIS was injured during the fall.
>
> . . . .
>
> 14. As a result of the accident, DAVIS has brought claims for damages against MEDICINE SHOPPE to include claims for negligence [*sic*].
>
> 15. DAVIS' [*sic*] injuries were caused, in whole or in part, by the negligence of MUSARRA and/or DR. DAVIS-LORTON.
>
> 16. MEDICINE SHOPPE is a passive and innocent party entitled to indemnification from MUSARRA and/or DR. DAVIS-LORTON for DAVIS' [*sic*] injuries.

(Third-Party Compl. ¶¶ 6-7, 14-16.)

Notably absent from the Third-Party Complaint is any allegation that Davis-Lorton "agreed by contract to indemnify the indemnitee," or that the Medicine Shoppe is "not liable except vicariously for the tort of the indemnitor," or that it is "not liable except as a seller of a product supplied to the indemnitee by the indemnitor . . . ." RESTATEMENT (THIRD) OF TORTS: APPORTIONMENT OF LIAB. § 22(a)(1)-(2). As noted above, these are essential elements of a claim for indemnity.

Given the absence of any allegations regarding the relationship between the alleged indemnitor--Davis-Lorton--and indemnitee--the Medicine Shoppe--the indemnity claim presently appears to be deficiently pleaded. However, it is well-settled that, when a complaint is "dismissable for lack of factual

specificity," a plaintiff nonetheless "should be given a reasonable opportunity to cure the defect, if he can, by amendment of the complaint . . . ." *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000) (quoting *Darr v. Wolfe*, 767 F.2d 79, 81 (3d Cir. 1985)). The Court must grant leave to amend the complaint regardless of whether the plaintiff has requested it. *See District Council 48 v. Bradley*, 795 F.2d 310, 316 (3d Cir. 1986).

Indeed, the Court may only refuse to grant a plaintiff leave to amend a dismissable complaint only on the grounds of "undue delay, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993). "Futility" in this context "means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane*, 213 F.3d at 115 (citing *Burlington*, 114 F.3d at 1434).

Davis-Lorton has adduced no reason for the Court to believe that permitting the Medicine Shoppe to amend its complaint would be inequitable or futile. Significantly, Davis-Lorton does not suggest that the Medicine Shoppe's claim for indemnity is barred as a matter of law, but rather that it has failed to allege essential facts with the appropriate specificity. *See Darr v. Wolfe*, 767 F.2d 79, 81 (3d Cir. 1985) (holding that a curative

amendment should be allowed when the complaint is dismissable due to its lack of factual specificity). Accordingly, the Medicine Shoppe will be given leave to amend its complaint.

    An appropriate order follows.

S\_____
Curtis V. Gómez
Chief Judge